# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**FRANKIE WAYNE HILL**                                                          **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.  3:18-cv-00015-GHD-JMV**

**PERRY GOODWIN**
**MACEL APPLETON**
**DENNIS HOPPER**                                                          **DEFENDANTS**

### ORDER

---

This matter is before the Court on *pro se* Plaintiff's Motion [Doc. #17] to Consider Response of E-Mail Received from Defendants' Counsel Concerning Plaintiffs' Filing of Requests for Production of Documents and Things Prior to Court's Ruling on a Motion of Defendants' Counsel. The Court acknowledges its duty to liberally construe the motions of a *pro se* Plaintiff, and, as such, will construe the instant motion as a motion to conduct qualified immunity-related discovery. The Court, having considered the motion and corresponding briefing, finds that the motion is not well taken and should be DENIED.

*Background*

Plaintiff, Frankie Wayne Hill, filed his *pro se* Complaint on January 22, 2018, alleging claims under Title VII and 42 U.S.C. § 1981. On February 13, 2008, the Defendants filed, pursuant to Federal Rule of Civil Procedure 12(b)(6), their Motion to Dismiss Premised on Qualified Immunity.

On February 14, 2018, the Court entered an Order, *sua sponte,* staying "all discovery, pending the court's ruling on the [immunity] motion, including any appeal." On March 8, 2018,

the Plaintiff filed a *Notice of Service of Request for Production of Documents to Defendants*. Doc. #13. In response to this filing, the Defendants emailed Plaintiff and requested that the Plaintiff withdraw these requests, as they violated the Court's Order. The Plaintiff responded alleging that the propounded discovery was immunity-related and necessary to support his Motion to Dismiss Defendants' Motion to Dismiss Premised on Qualified Immunity. The Plaintiff then filed the instant motion.

*Law and Analysis*

The Court's Order, staying discovery, read, in pertinent part, as follows:

Local Uniform Civil Rule 16(b)(3)(B) provides that "[f]iling a motion asserting…an immunity defense … stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion… [is a decision] committed to the discretion of the court." L. U. Civ. R. 16(b)(3)(B). Accordingly, a stay of certain proceedings is appropriate. Should the parties desire to undertake immunity-related discovery, they should contact the court for scheduling of same.

The above referenced stay Order halted all discovery except discovery related to the immunity motion. However, even then, the Order provides that should a party desire to conduct immunity-related discovery, the party must first seek leave of Court.

Before allowing a party to proceed with immunity-related discovery, after such request, this Court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994-95 (5th Cir. 1995). Even then, the Court must be sure that the discovery is neither avoidable nor overly broad. Discovery is neither avoidable nor overly broad if:

(1) the immunity claim turns at least partially on a question of fact; (2) the district court is unable to rule on the immunity defense without further clarification of the facts; and (3) the discovery order is narrowly tailored to uncover only those facts needed to rule on the immunity claim.

*Luna v. Valdez*, No. 3:15-cv-3520-D-BN, 2017 U.S. Dist. LEXIS 154718, at *12 (N.D. Tex. Sep. 21, 2017).

Though Mr. Hill has baldly alleged that the propounded discovery is related to the immunity motion,[1] he has failed to seek leave of the Court, or otherwise demonstrate, specifically, in the motion or the pleadings, that the discovery requests are necessary to resolve the immunity issue. *See Wicks*, 41 F.3d 991, 994-95.[2] As such, the Plaintiff's discovery requests were improperly propounded, and the instant motion to conduct immunity-related discovery is unsupported.

Accordingly, the instant motion is hereby DENIED.

The Court further orders that the improperly propounded discovery requests are hereby QUASHED.

**SO ORDERED** this, Monday, April 9, 2018.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

[1] Doc. #17 at 5.

[2] Discovery under *Lion Boulos,* however, must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity. This heightened pleading requirement, first articulated in *Elliott v. Perez,* requires Wicks to allege the particular facts forming the basis of his claim, including those preventing Cook from successfully maintaining a qualified immunity defense. To overcome the immunity defense, the complaint must allege facts that, if proven, would demonstrate that Cook violated clearly established statutory or constitutional rights. Heightened pleading demands more than bald allegations and conclusory statements.