IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

FRANKIE WAYNE HILL                                                 PLAINTIFF

V.                                                      Civil No. 3:18-cv-00015-GHD-JMV

PERRY GOODWIN, MACEL APPLETON
AND DENNIS HOPPER                                    DEFENDANTS

---

### MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION TO DISMISS

---

Now before this Court is Defendants Perry Goodwin, Macel Appleton, and Dennis Hopper's motion to dismiss [7]. *Pro se* Plaintiff Frankie Wayne Hill, a commercial truck driver, alleges Goodwin, a Mississippi Department of Transportation officer, and Appleton and Hopper, Goodwin's supervisors, violated his constitutional rights by falsely arresting him and searching his truck after Hill refused to participate in a roadside safety inspection. Because Hill was required to submit to the roadside inspection, no constitutional violation occurred when Goodwin arrested Hill, and so, the motion should be granted.[1]

### Factual and Procedural Background

According to the complaint[2], on the morning of January 22, 2015, Hill was driving his truck down I-55 south of Batesville, Mississippi, when Goodwin pulled him over. Compl. [1] at p. 1. Goodwin approached the vehicle and told Hill that he intended to perform an inspection on Hill's truck. *Id.*

---

[1] Hill also filed a motion styled as a "Motion to Dismiss Defendants' Motion to Dismiss." [12]. The contents of the filing show that it is an additional responsive pleading to Defendants' motion. Because, as set forth in this opinion, Defendants' motion is meritorious, Hill's motion should be denied.

[2] Hill attached a video of the incident recorded by the dash-cam in Goodwin's patrol vehicle, provided to him by MDOT, to his complaint. However, in later pleadings Hill stated that he believed crucial footage from the stop had been intentionally removed from the footage. Because the Court can resolve this matter solely on the facts stated in Hill's complaint, it need not consider the video.

1

Hill initially complied by providing Goodwin with his permit book. *Id.* at p. 4. Hill told Goodwin that he did not oppose Goodwin inspecting the truck, but that he would not assist in the inspection by operating any controls. *Id.* Goodwin informed Hill that he was required to submit to the inspection under Mississippi law, but Hill still refused to operate any vehicle controls for the inspection. *Id.*

Goodwin, after speaking to Appleton and Hopper, decided to place Hill under arrest for refusing the inspection. *Id.* at p. 6. Goodwin proceeded to search the truck, and the truck was thereafter impounded.

Hill subsequently brought the present suit alleging that Defendants violated his constitutional rights. Defendants now move to dismiss the suit, asserting they are entitled to qualified immunity. Hill has responded, and the matter is ripe for review.

**Legal Standards**

1. **12(b)(6) Motion to Dismiss**

Motions to dismiss pursuant to Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)).

"[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955,

167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### 2. Qualified Immunity

"Qualified immunity 'gives government officials breathing room to make reasonable but mistaken judgments about open legal questions.' " *Lane v. Franks*, — U.S. —, —, 134 S. Ct. 2369, 2381, 189 L. Ed. 2d 312 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)). "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc).

Qualified immunity is an affirmative defense. However, the "plaintiff has the burden to negate the assertion of . . . immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir.2009). " 'When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.' " *Beaulieu v. Lavigne*, 539 F. App'x

3

421, 424 (5th Cir. 2013) (per curiam) (quoting *Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citing *McClendon v. City of Columbia, Miss.*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc))). The pleading standard for claims brought under § 1983 is heightened and the complaint must state "claims of specific conduct and actions giving rise to a constitutional violation." *Mitchell v., Okolona Sch. Dist.*, No. 1:10-CV-135-D-D, 2011 WL 1226023, at *2 (N.D. Miss. Mar. 29, 2011)(citing *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996)).

" '[A] plaintiff seeking to defeat qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." ' " *Da Vinci Inv., Ltd. P'ship v. Parker*, 622 F. App'x 367, 374 (5th Cir. 2015) (per curiam) (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (quoting *al-Kidd*, 563 U.S. at 735, 131 S. Ct. 2074)). The plaintiff's complaint must allege facts that, if true, demonstrate that the defendant violated his rights by acting in a way that he or she should have known was unlawful. *See Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996). "Dismissal is warranted 'only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *DeLeon v. City of Dallas, Tex.*, 141 F. App'x 258, 261 (5th Cir. 2005) (per curiam) (quoting *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)).

**Analysis**

Hill alleges that Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights in violation of 18 U.S.C. § 242, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 34 U.S.C. § 12601[3] by 1) initiating the stop without probable cause; 2) falsely arresting him; 3) failing to give him a Miranda warning when arresting him; and 4) searching his truck.

---

[3] Hill's complaint cites 42 U.S.C. § 14141 which has been transferred to 34 U.S.C. § 12601.

4

### 1. 18 U.S.C. § 242, 42 U.S.C. § 1985, and 34 U.S.C. § 12601

Defendants argue that 18 U.S.C. § 242, 42 U.S.C. § 1985, and 34 U.S.C. § 12601 are inapplicable to the case *sub judice* and any claims based on these statutes must be dismissed. The Court agrees.

18 U.S.C. § 242 is a criminal statute that does not provide a private cause of action for civil liability. *See King v. State of Mississippi*, No. 3:14-CV-157-CWR, 2015 WL 370175, at *5 (S.D. Miss. Jan. 28, 2015); *Newcomb v. Ingle*, 827 F.2d 675, 677 n. 1 (10th Cir.1987) ("Section 241 is a criminal statute prohibiting acts of conspiracy against the rights of citizens, and it does not provide for a private cause of action."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (holding that 18 U.S.C. §§ 241 and 242 are criminal provisions and do not provide a basis for civil liability).

34 U.S.C. § 12601 requires the plaintiff show a "pattern or practice of conduct" that deprives persons of constitutional rights. Beyond a single speculative, phrase in his complaint, Hill does not allege any facts that establish any pattern or practice of conduct by the Defendants.[4]

Finally, 42 U.S.C. § 1985(3) provides a civil remedy where two or more persons conspire to deprive a person of "equal protection of the laws, or of equal privileges and immunities under the laws." The plaintiff must show "some racial" or "[protected] classes-based" discriminatory animus. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268, 113 S. Ct. 753, 758, 122 L. Ed. 2d 34 (1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971)). Hill does not allege any facts that indicate Goodwin took actions against him on the basis of his race or any other protected characteristic. Any claims based on these three

---

[4] Further, as discussed below, to the extent that Goodwin's actions did constitute a pattern or practice, they did not violate Hill's constitutional rights.

statutes should be dismissed, and the Court will analyze the constitutional violation claims only under § 1983.

## 2. 18 U.S.C. § 1983

Hill's complaint alleges the following bases for a § 1983 claim: that Goodwin committed Fourth Amendment violations by stopping him without probable cause, by arresting him without probable cause, and by searching his vehicle; and Goodwin committed a Fifth Amendment violation by failing to give him a Miranda warning. The Court addresses each of these in turn, analyzing whether a constitutional or statutory right was violated, and if so, whether that right was clearly established at the time.

*A. Initial Stop*

The Court first determines whether a constitutional violation occurred when Goodwin initially stopped Hill. A temporary stop is a "seizure" for purposes of the Fourth Amendment. *Whren v. United States,* 517 U.S. 806, 809, 116 S. Ct. 1769, 1772, 135 L. Ed. 2d 89 (1996). Therefore, the stop must be "reasonable" under the circumstances. Generally "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Id.*

However, the commercial trucking industry is a "perversely regulated industry"; law enforcement may conduct stops and searches of commercial trucking vehicles in order to enforce a regulatory scheme without believing a crime has occurred under what's called the "regulatory exception". *United States v. Fort,* 248 F.3d 457, 480 (5th Cir. 2001). Such a stop is reasonable, and therefore valid, if "1) there is a substantial government interest that informs the regulatory scheme pursuant to which the inspection is made; 2) the inspection is necessary to further the regulatory scheme; and 3) the statutory or regulatory scheme provides a constitutionally adequate

substitute for a warrant." *Id.* (citing *New York v. Burger*, 482 U.S. 691, 702–03, 107 S. Ct. 2636, 2644, 96 L. Ed. 2d 601 (1987)).

In *United States v. Castelo*, the Fifth Circuit held that "Mississippi has a substantial interest that informs the regulatory scheme—i.e., random roadside inspections and weighing of commercial vehicles—pursuant to which the stop and search occurred." 415 F.3d 407, 410 (5th Cir. 2005) (citing *Fort*, 248 F.3d at 480 ("[T]he state has a substantial interest in traveler safety and in reducing taxpayer costs that stem from personal injuries and property damage caused by commercial motor carriers.")). The fist prong is satisfied. The scheme also provides a constitutionally adequate substitute for a warrant, satisfying the third prong. *See Castelo*, 415 F.3d at 411 ("We therefore hold that the provisions of the Mississippi Code regulating commercial trucking place adequate limits on the discretion of inspecting officers, and thus, provide a constitutionally adequate substitute for a warrant.")

The remaining question, then, is whether the stop in this case was necessary to further the regulatory scheme. It was. Random stops of commercial vehicles are necessary to ensure commercial drivers comply with Mississippi law because "drivers can avoid both fixed and temporary checkpoints" simply by refusing to stop at those checkpoints. *Fort*, 248 F.3d at 481 (citing *United States v. V-1 Oil Co.*, 94 F.3d 1420, 1426 (10th Cir. 1996)). According to the complaint, Goodwin stopped Hill for the purpose inspecting his vehicle. This suit arose over Hill's failure to submit to that inspection. The third prong was satisfied, and this stop was permissible under the regulatory exception. No constitutional violation occurred when Goodwin initially stopped Hill.

*B. Arrest*

Next, the Court must determine whether a violation occurred when Goodwin arrested Hill for refusing to operate his truck as part of an inspection. Defendants contend that Mississippi law

required Hill not only to stop, but to operate the vehicle as necessary, in order for Goodwin to complete the inspection.

Miss. Code Ann. § 63-5-49 states that any law enforcement officer "may require the driver of any vehicle that is required by law or by any rule or regulation of the Mississippi Department of Transportation or the State Tax Commission to stop at inspection stations and submit to an inspection to stop and submit to a weighing of the vehicle . . ." Miss. Code Ann. § 63-5-49(1) The officer may also "inspect such truck to determine whether or not such truck is engaged in the illegal transportation of any contraband." *Id.* § 63-5-49(3). Failing to stop and comply with provisions of the section constitutes a misdemeanor. *Id.* § 63-5-49(4).

Hill was driving a vehicle that was required by law to "stop at inspection stations and submit to an inspection." *Id.* § 63-5-49(1). Section § 27-19-93 requires that "All contract, common, private commercial, and private carriers of property" who enter the state to stop at inspection stations so that MDOT employees may "determine whether or not such vehicle is liable for the Mississippi motor vehicle privilege license tax or permit fees, and whether or not such vehicle is properly licensed in this state" and weigh the vehicle to " determine whether or not the gross weight of such vehicles exceeds the limits provided by law and in order to determine whether or not the gross weight exceeds the licensed gross weight of such vehicle." Miss. Code Ann. § 27-19-93

Under these laws, Goodwin had the right to stop Hill and inspect the truck to ensure it was compliant with Mississippi's laws. The question is whether Hill had to operate any controls on the truck as part of that inspection. He did.

Section 63-5-49(1) states that an officer "may *require* the driver . . . to stop and *submit*." (emphasis added). Subsection (2) provides that if necessary, the officer "may require the driver *to*

*drive the vehicle . . . ." Id.* § 63-5-49(2) (emphasis added). Finally, subsection (4) provides that it is a crime for a driver to fail or refuse "to stop the vehicle and otherwise comply with the provisions of this section." *Id.* § 63-5-49(4). By the statute's text, officers may require the driver to operate the vehicle as part of the inspection.

Hill directs the Court to a part of subsection (2) which instructs the driver to "remain standing until such portion of the [overweight] load is removed . . . ." *Id.* § 63-3-49. He argues this means that statute requires him *not* to assist with the inspection. However, the subsection clearly states that the driver must remain standing only while officers remove cargo to reduce the weight of a truck found to be over its permitted weight limit, not during the entire inspection.

Hill was required to operate the truck as necessary for Goodwin to complete his inspection. His failure to do so constituted a crime, and so, no constitutional violation occurred when Goodwin arrested him.

Even if this Court decided that a constitutional violation occurred, Goodwin is still entitled to qualified immunity unless Hill shows Goodwin's actions were objectively unreasonable in light of "legal rules clearly established at the time of the incident." *Jones v. City of Jackson*, 203 F.3d 875, 879 (5th Cir. 2000). Hill does not point to any case law establishing it was objectively unreasonable for Goodwin to believe Hill committed a crime when he refused to participate in the inspection. Thus, even if Hill was not actually required to operate the controls, Goodwin would still be entitled to qualified immunity.

*C. Search of the vehicle*

Hill also asserts that Goodwin, after arresting Hill, illegally searched his truck. Mississippi's statutory scheme provides that an officer "shall have the authority to inspect such vehicle to determine whether or not such vehicle is engaged in the illegal transportation of any contra-

9

band." Miss. Code Ann. § 63-3-49(3). As discussed above, this administrative search was permissible under the "regulatory exception." Warrantless searches of commercial vehicles have been routinely held valid under this exception. *See United States v. Ruiz*, 569 F.3d 355, 367 (8th Cir. 2009); *United States v. Delgado*, 545 F.3d 1195, 1202 (9th Cir. 2008); *United States v. Maldonado*, 356 F.3d 130, 135–36 (1st Cir. 2004); *Fort*, 248 F.3d at 481; *United States v. Vasquez–Castillo*, 258 F.3d 1207, 1211 (10th Cir.2001); *United States v. Dominguez–Prieto*, 923 F.2d 464, 468–69 (6th Cir. 1991). Goodwin's search of Hill's vehicle was constitutionally permissible.

*D. Failure to give Miranda warning*

Hill finally claims that Goodwin did not read him his Miranda rights upon arrest, in violation of the Fifth Amendment. However, "[v]iolations of judicially crafted prophylactic rules do not violate the constitutional rights of any person." *Chavez v. Martinez*, 538 U.S. 760, 772, 123 S. Ct. 1994, 2003, 155 L. Ed. 2d 984 (2003). The failure to give a Miranda warning does not raise a cause of action under § 1983. *Foster*, 502 F. App'x at 356 (citing *Chavez*, 538 U.S. 772, 123 S. Ct. 1994). *See Connecticut v. Barrett*, 479 U.S. 523, 528, 107 S.Ct. 828, 93 L.Ed.2d 920 (1987) ("*Miranda* 's warning requirement is "not itself required by the Fifth Amendmen[t] . . . but is instead justified only by reference to its prophylactic purpose"). Rather, to establish a violation of his Fifth Amendment right, Hill must allege he "made a statement that implicated his constitutional right to protection against self-incrimination." *Foster v. Carroll Cty.*, 502 F. App'x 356, 358 (5th Cir. 2012). He does not. No violation occurred.

### 3. Common–law claims[5]

Defendants argue that to the extent Hill makes any common–law tort claims against them, they are brought outside of the statute of limitations. Miss. Code Ann. § 11-46-7 provides that that Mississippi Tort Claims Act ("MTCA") is the exclusive remedy against governmental employees acting within the scope of their employment. Miss. Code Ann. § 11-46-7(1) & (2). An action brought under an act must be brought within one year after the date of the alleged conduct. Miss. Code Ann. § 11-46-11(3)(a). Further, a plaintiff must first provide a notice of claim to the chief executive officer of the governmental entity at least ninety days prior to filing suit. *Id.* § 11-46-11(1). Filing this notice tolls the period in which to file suit for 90 days. *Id.* § 11-36-11(2)

Section 11-46-7(2) states that "[f]or the purposes of this chapter an employee shall not be considered as acting within the course and scope of his . . . for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense." Thus, actions against employees for fraudulent, malicious, defamatory, or criminal conduct are not brought pursuant to the MTCA, and are therefore, governed by the statute of limitations of the underlying tort. These intentional torts *also* have a one year statute of limitations. Miss. Code Ann. § 15-1-35.

Applying even the longest calculation of time under these statutes, Hill has not brought his suit within the allotted time for common–law claims. If his claims were not brought under the MTCA, Hill had only one year from January 22, 2015, to file his suit. Assuming, that Hill's tort claims are brought under the MTCA, and assuming Hill properly provided notice to the Mississippi Department of Transportation, he had one year and ninety days from January 22, 2015, to file. He

---

[5] Though Hill's complaint does not specifically state he is making common–law claims in addition to his § 1983 claims, Defendants have argued in their motion why those claims, if any, also fail. The Court, therefore, addresses those argument.

11

did not do so until three years later, on January 22, 2018. To the extent that Hill makes any common–law claims, they are untimely and should be dismissed.

## Conclusion

Hill's complaint does not allege a constitutional violation occurred when Goodwin stopped him and placed him under arrest for failing to submit to the safety inspection. Even assuming, for the sake of argument, that a violation did occur, Hill fails to show that it was "clearly established" at the time the incident occurred that Goodwin's actions were unlawful. Accordingly, Defendants motion should be granted and Hill's claims against Defendants should be dismissed.

An order in accordance with this opinion shall issue.

This, the 9th day of April, 2018.

_____
SENIOR U.S. DISTRICT JUDGE